IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA  DIVISION

**AMBER YBARRA**                                                                      **PETITIONER**

v.                                         **CIVIL No. 4:12-CV-4017**

**RAY HOBBS, Director,**                                                          **RESPONDENT**
**Arkansas Dept. Of Corrections**

<u>**REPORT AND RECOMMENDATION**</u>

Now before the Court is Petitioner, **AMBER YBARRA's**, Petition for Writ of Error *Coram Nobis*.[1] ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Susan O. Hickey, District Judge for the Western District of Arkansas.  For the reasons stated below, it is the recommendation of the undersigned that the Petition, ECF No. 1, be **DISMISSED with prejudice**.

I.      BACKGROUND

The Petition in this matter was filed on February 23, 2012.  Petitioner did not pay the $5.00 filing fee; instead, she submitted an application to proceed *in forma pauperis*. ECF No. 2.  On that date, the Court entered an order directing the Clerk of Court to file the petition, but reserved the right to consider the application for *in forma pauperis* status. ECF No. 3.   In the instant Petition, the Petitioner alleges ineffective assistance of counsel and seeks re-sentencing and release from custody, alleging she entered a plea believing she would be eligible for parole after serving 33% of her sentence when in fact she must serve 70% of the sentence imposed.

---

[1] As noted in the Order of February 23, 2012 (ECF No. 3), Petitioner seeks release from custody in this matter, and the Court directed the clerk to file the petition as a petition for writ of *habeas corpus*. As noted below, Petitioner has a prior petition for writ of *habeas corpus* pending involving the same claims as those made in the instant pleading.

On October 17, 2011, Petitioner filed a separate petition for writ of *habeas corpus* in this Court alleging the exact same grounds as appear in the instant Petition for Writ of Error *Coram Nobis*. *See Ybarra v. Hobbs*, No. 4:11-cv-4097 (ECF No. 1). The petition for writ of *habeas corpus* in Cause No. 4:11-cv-4097 is pending at this time.

## II.     APPLICABLE LAW

"*Coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of *habeas corpus*." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir.1998) (citing United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954)).

## III.    DISCUSSION

The instant Petition alleges the same misconduct on the part of trial counsel as does the petition in Cause No. 4:11-cv-4097. The instant Petition seeks the same relief as the petition in Cause No. 4:11-cv-4097. The instant Petition is thus duplicative of the pending case Cause No. 4:11-cv-4097. Further, *Coram Nobis* is not available as a remedy for a person who remains in custody. *See Fleming*, 146 F.3d at 89-90. Petitioner is in custody. Accordingly, the instant Petition should be dismissed.

## IV.    CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED with prejudice**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

      IT IS SO ORDERED this 15th day of March, 2012.

    /s/ Barry A. Bryant  
    HON. BARRY A. BRYANT  
    U. S. MAGISTRATE JUDGE